UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DPIX LLC,<br><br>        Plaintiff,<br><br>v.<br><br>YIELDBOOST TECH, INC., et al.,<br><br>        Defendants. | Case No. 14-cv-05382-JST<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)(2)**<br><br>Re: ECF No. 52 |

Before the Court is Plaintiff dpiX, LLC's Motion for Leave to File Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). ECF No. 52. Defendants Yieldboost Tech, Inc. and Kyo Young Chung ("Defendants") oppose the motion. ECF No. 59.

## I. BACKGROUND

### A. Factual Background

Plaintiff dpiX, LLC ("Plaintiff") is a Delaware limited liability corporation that provides high-resolution image detector subsystems that are integrated into x-ray imaging systems for medical, industrial, and military markets. First Am. Compl., ECF No. 39 at ¶ 11. Plaintiff seeks declaratory judgment that it does not infringe, directly or indirectly, United States Patent No. 7,154,292, and that the patent is invalid or unenforceable. Id. at ¶ 1. Plaintiff alleges that Yieldboost claims ownership of the patent, pursuant to an assignment from Defendant Kyo Young Chung. Id. at ¶ 3. Plaintiff also seeks to recover damages from Chung, its former employee and independent contractor, for misappropriation of trade secrets, breach of contract and the implied covenant of good faith and fair dealing, breach of the duty of loyalty, intentional interference with contractual relationships and prospective economic advantage, and unfair competition. Id.

### B. Procedural Background

Plaintiff filed its original Complaint on December 9, 2014. ECF No. 1. On April 20, 2015, Defendants filed a motion to dismiss the Complaint. ECF No. 31. Rather than responding to Defendants' motion to dismiss on the merits, Plaintiff indicated that it intended to amend its Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). ECF No. 35. Plaintiff filed its Amended Complaint on May 14, 2015. ECF No. 39. Pursuant to a stipulation between the parties, the Court entered Plaintiff's Amended Complaint out of time, and it was deemed filed as of June 2, 2015. ECF No. 45. In the stipulation, the parties stated that "[i]n an effort to avoid a motion to dismiss the Amended Complaint, the parties met and conferred on Defendants' objections to said pleading, and Plaintiff may file a second amended complaint either this Wednesday, June 3, 2015, or the day following the Court's order granting leave to file an amended complaint." ECF No. 44.

When Plaintiff did not file a second amended complaint by June 3, Defendants filed a second motion to dismiss the Amended Complaint on June 16. ECF No. 59. On June 30, 2015, Plaintiff filed a response to Defendants' second motion to dismiss, ECF No. 51, stating that it would be filing the instant motion for leave to file a Second Amended Complaint in order to include additional factual allegations and remedy any deficiencies identified in the motion to dismiss. ECF No. 52.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), a "court should freely give leave [to amend] when justice so requires." The Court considers four factors in deciding a motion for leave to amend: prejudice to the opposing party, undue delay, futility of amendment, and bad faith. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Of the four factors, "the consideration of prejudice to the opposing party [] carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. Id. Courts are instructed to apply this rule "with extreme liberality." Id. at 1051 (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).

1    Generally, a court should determine whether to grant leave indulging "all inferences in
2    favor of granting the motion." Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 880 (9th Cir. 1999).
3    "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad
4    faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by
5    amendments previously allowed, undue prejudice to the opposing party . . . , [or] futility of
6    amendment, etc.'" Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117
7    (9th Cir. 2013) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

**III.   DISCUSSION**

Plaintiff seeks leave to file a Second Amended Complaint ("SAC") to clarify its agency and alter ego allegations against Defendant Chung, and to clarify its second cause of action for unenforceability of the patent. ECF No. 52 at 4; Proposed SAC, ECF No. 53-1. The proposed Second Amended Complaint does not add any new party or cause of action. Id. Defendants argue that leave should not be granted arguing that amendment would prejudice them, that Plaintiff unduly delayed in seeking leave to amend, that the amendment is sought in bad faith, and that the amendment would be futile. See ECF No. 59.

**A.    Prejudice**

Prejudice is the factor that carries the most weight in the Court's analysis. Eminence Capital, 316 F.3d at 1052. In general, "[t]he party opposing amendment bears the burden of showing prejudice." DCD Programs, 833 F.2d at187. Here, Defendants argue that granting Plaintiff leave to amend would be prejudicial because the proposed Second Amended Complaint seeks to bring an entirely new theory of unenforceability of the '292 Patent based on the doctrine of unclean hands. ECF No. 59 at 7. Defendants argue that "the words 'unclean' and 'hand(s)' do not even appear in the original or Amended Complaint," and that such claims should have been brought months ago. Id.

The addition of new claims can be found to constitute prejudice where those claims are added late in the course of litigation. See e.g., Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798-99 (9th Cir. 1991) (holding that adding new claims to complaint two years into litigation and just four and a half months before trial constituted prejudice against the non-moving party, regardless of the

3

argument that the claims were implicit in the previously pleaded claims); see also Morongo, 893 F.2d at 1079 (affirming denial of amendment when "new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense"). In this case, however, Plaintiff has sought to amend the complaint at an early stage of the litigation.

Moreover, Plaintiff's proposed amendments are not so substantial that granting Plaintiff leave to file the proposed Second Amended Complaint would alter the nature of the claims or the course of litigation. Although it is true that the First Amended Complaint did not contain the words "unclean hands," Defendant's motion to dismiss identified an unclean hands theory as a doctrine through which unenforceability of a patent might be alleged. See ECF No. 48 at 7. Therefore, it is difficult for Defendant to contend that Plaintiff's proposed amendment to include this theory is entirely a surprise.

Defendants also argue that they were prejudiced because had Plaintiff filed its Second Amended Complaint by the stipulated deadline, Defendants would not have had to file its second motion to dismiss the Amended Complaint or its reply in support thereof. ECF No. 59 at 7. Defendants therefore contend that they "have spent their time and resources in vain to their severe prejudice." Id. Defendants cite no case law for the proposition that being required to engage in additional briefing as the result of amendment of a complaint constitutes "severe prejudice," and this Court has located only authority to the contrary. See, e.g., Am. Small Bus. League v. Johnson, No. C-10-00986-WHA, 2010 WL 3490223, at *5 (N.D. Cal. Sept. 3, 2010) (finding no prejudice where proposed amendments were reasonably timely and did not add new claims despite Defendant's claimed prejudice of being "compel[ed] . . . to continue to draft responses."); Weintraub v. Law Office of Patenaude & Felix, A.P.C., No. 13-CV-1032 W RBB, 2014 WL 29608, at *3 (S.D. Cal. Jan. 3, 2014) (granting Plaintiff leave to amend over Defendant's objections that they had "spent 'quite a bit of time ... reviewing each complaint, preparing each of its motion to dismiss and reply brief'").

Defendants have not shown that they will be prejudiced in any meaningful way if the Court grants Plaintiff leave to file a Second Amended Complaint.

### B.     Undue Delay

Defendants next argue that Plaintiff unduly delayed in bringing the proposed Second Amended Complaint. ECF No. 59 at 6. Defendants contend that Plaintiff unduly delayed in seeking amendment, as the parties' June 2, 2015 stipulation provided Plaintiff the opportunity to file a Second Amended Complaint the following day, June 3, and Plaintiff did not bring this motion until weeks later.

The Court disagrees. First, the Court notes that Plaintiff's motion for leave to amend was filed at an early stage in the litigation and discovery has only just begun.[1] Moreover, Plaintiff had good reason for waiting until after June 3 to file the amended complaint, as on June 3, Plaintiff did not yet know what objections Defendants had to the First Amended Complaint. See ECF No. 60-1 at ¶ 8. Although the Court had granted the parties' stipulation, which included the June 3 date for the filing of the second amended complaint, the Court had not yet issued a scheduling order setting a deadline for amending the pleadings. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992) (noting that Rule 15's policy favoring liberal amendment governs until a district court files a pretrial scheduling order establishing a deadline for amendment of the pleadings). Under the circumstances, Plaintiff's decision to wait to amend the complaint until Defendants had identified further alleged deficiencies in the complaint was not undue but reasonable.

The Court therefore finds that Plaintiff did not unduly delay in seeking amendment in this instance.

### C.     Futility

The Ninth Circuit has consistently held that "a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2003) (citing Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient

---

[1] The Court notes that the litigation remains at an early stage in part because Plaintiff stipulated to allowing Defendants a sixty-day extension of time to respond to the Complaint. ECF No. 10.

claim." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). "However, denial [of a motion for leave to amend] on this ground is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." Clarke v. Upton, 703 F.Supp.2d 1037, 1043 (E.D. Cal. 2010) (citing Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

Defendants devote much of their opposition to the motion to arguing the alleged legal insufficiency of Plaintiff's complaint. See ECF No. 59 at 7-20. Defendants attack the proposed Second Amended Complaint by contending that (1) Plaintiff has not stated a plausible claim for relief; (2) an action for invalidity, non-infringement, and unenforceability cannot be maintained against Chung because he has no rights or interest in the '292 Patent; (3) Plaintiff's claim of breach of the implied covenant of good faith and fair dealing is legally insufficient; and (4) that several of Plaintiff's claims are preempted by the California Uniform Trade Secrets Act ("CUTSA") (Cal. Civ. Code § 3426).

The Court will decline the invitation to convert Plaintiff's motion for leave to amend into a motion to dismiss the proposed Second Amended Complaint. Ordinarily, "[t]he merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment." Allen v. Bayshore Mall, No. 12-cv-02368-JST, 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013) (quoting McClurg v. Maricopa Cnty., No. 09-cv-1684-PHX, 2010 WL 3885142, at *1 (D. Ariz. Sept. 30, 2010)). The Court sees no reason to depart from this general rule here.

Without passing on the adequacy of the Second Amended Complaint under Federal Rule 12, the Court notes only that Plaintiff's amendments appear to be good faith efforts to respond to Defendants' attacks on the sufficiency of the First Amended Complaint. Defendant has not shown that Plaintiff's request for leave to amend should be denied due to futility.

### D. Bad Faith

Finally, Defendants argue that Plaintiff seeks amendment in bad faith. ECF No. 59 at 6. In order for the Court to find that a moving party filed for leave to amend in bad faith, the opposing party must offer evidence that shows "wrongful motive" on the part of the moving party.

1  See DCD Programs, 833 F.2d at 187. Bad faith may exist where "the plaintiff merely is seeking to
2  prolong the litigation by adding new but baseless legal theories." Griggs, 170 F.3d at 881.
3       In Defendants' view, Plaintiff "has shown its bad faith and dilatory motive by misleading
4  Defendants and the Court about its true intent with respect to a second amended complaint." ECF
5  No. 59 at 6. Defendants argue that, because the parties stipulated that Plaintiff would file a second
6  amended complaint by June 3, Plaintiff's filing of this motion after that date constitutes bad faith.
7  Id. As discussed *supra*, Plaintiff acted reasonably in deferring amendment until Defendants had
8  identified the alleged deficiencies in the First Amended Complaint. The Court finds no evidence
9  that Plaintiff has acted in bad faith.

**CONCLUSION**

11       For the foregoing reasons, Plaintiff's motion for leave to file a Second Amended
12  Complaint is granted. Plaintiff shall file its Second Amended Complaint within 14 days from the
13  date of this order. Defendants' motion to dismiss, ECF No. 48, is addressed to the First Amended
14  Complaint. Upon the filing of the Second Amended Complaint, that motion will become moot.
15  See Taylor v. Abate, No. 94 CV 0437 (FB), 1995 WL 362488, at *2 (E.D.N.Y. June 8, 1995)
16  (collecting authority).
17       Plaintiff has now had the opportunity to tailor its complaint in response to the alleged
18  deficiencies identified within Defendants' two previously-filed motions to dismiss. In the interest
19  of ensuring the litigation proceeds expeditiously, the Court will not rule on any future motions for
20  leave to amend the complaint until after (1) Defendants answer the Second Amended Complaint or
21  (2) the Court has issued an order resolving any motion to dismiss the Second Amended Complaint
22  that Defendants may file.
23       IT IS SO ORDERED.
24  Dated: September 2, 2015

                                                  JON S. TIGAR
                                    United States District Judge